UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JAMES MESSERSCHMIDT,<br><br>       Plaintiff,<br><br> - against –<br><br>SOURCE DIGITAL<br><br>       Defendant. | Docket No. 1:21-cv-7115<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff James Messerschmidt ("Plaintiff") by and through his undersigned counsel, as and for her Complaint against Source Digital, Inc. ("Defendant") hereby alleges as follows:

### NATURE OF THE ACTION

1. This is an action for copyright infringement under Section 501 of the Copyright Act and for the removal and/or alteration of copyright management information under Section 1202(b) of the Digital Millennium Copyright Act. This action arises out of Defendant's unauthorized reproduction, distribution and public display of copyrighted photograph of former New York governor Andrew Cuomo, owned and registered by Plaintiff, a New York-based professional photographer. Accordingly, Plaintiff seeks monetary relief under the Copyright Act of the United States, as amended, 17 U.S.C. § 101 *et seq*.

### JURISDICTION AND VENUE

2. This claim arises under the Copyright Act, 17 U.S.C. § 101 *et seq*., and the Digital Millennium Copyright Act, 17 U.S.C. §§ 1202, 1203, and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

3. This Court has personal jurisdiction over Defendant because Defendant transacts business in New York, maintains its principal executive office in New York, and is registered with the New York Department of State Division of Corporations.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

## PARTIES

5. Plaintiff is a professional photographer in the business of licensing his work for a fee, having a usual place of business at 2335 Broadway Apt. 4K, Astoria, New York 11106.

6. Upon information and belief, Defendant is domestic corporation duly organized and existing under the laws of the State of New York, with a place of business at 29 W. 46th St., 3rd Floor, New York, NY 10036.

7. Defendant is registered with the New York Department of State Division of Corporations to do business in New York.

8. Upon information and belief, at all times material hereto, Defendant has owned, operated and/or supervised the website at the URL: https://www.thesource.com (the "Website").

## STATEMENT OF FACTS

**A.    Background and Plaintiff's Ownership of the Photograph**

9. Plaintiff created a photograph of former New York governor Andrew Cuomo (the "Photograph"). A true and correct copy of the Photograph is attached hereto as <u>Exhibit A</u>.

10. On or about August 15, 2018, Plaintiff licensed the Photograph to the NEW YORK POST, which published the Photograph as part of an article on-line entitled "Cuomo says America 'was never that great.' The Photograph was published with a "gutter credit" identifying

Plaintiff as the author of the Photograph. Attached as Exhibit B is a true and correct copy of the NEW YORK POST article showing attribution to Plaintiff.

11. Plaintiff is the author of the Photograph and has at all times been the sole owner of all rights, title and interest in and to the Photograph, including the copyright thereto.

12. The Photograph was registered with the U.S. Copyright Office and was given Copyright Registration Number VA 2-122-004, with effective date of October 2, 2018 (the "004 Registration"). A true and correct copy of the 004 Registration, as maintained in the Public Catalog of the U.S. Copyright Office's website, is attached hereto as Exhibit C.

**B. Defendant's Infringing Activities**

13. On or about August 17, 2018, Defendant published an article on-line in which it prominently displayed the Photograph at URL: http://thesource.com/2018/08/17/watch-new-york-governor-andrew-cuomo-says-america-was-never-that-great/ (the "Infringing Article") without Plaintiff's authorization and without any attribution to Plaintiff. True and correct copies of screenshots of the Infringing Article are attached hereto as Exhibit D.

14. On Defendant's Website, commercial advertisements appear adjacent to the display of the Photograph within the Infringing Article.

15. Defendant did not license the Photograph from Plaintiff for its Infringing Article, nor did Defendant have Plaintiff's permission or consent to reproduce, distribute or publicly display the Photograph on its Website.

16. Upon information and belief, Defendant removed Plaintiff's copyright management information and did not attribute the Photograph to anyone.

17. Plaintiff actually discovered the infringement on August 24, 2018.

18. Before initiating this lawsuit, Plaintiff contacted Defendant to notify Defendant of the alleged infringement and in a good faith attempt to settle the dispute. However, Defendant did not take down the Photograph in response to this notification.

### FIRST CLAIM FOR RELIEF
### (COPYRIGHT INFRINGEMENT)
### (17 U.S.C. §§ 106, 501)

19. Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-18 above.

20. Defendant infringed Plaintiff's copyright in the Photograph by reproducing, distributing and publicly displaying the Photograph on the Infringing Article.

21. Defendant is not, and has never been, licensed or otherwise authorized to reproduce, publicly display, distribute and/or use the Photograph.

22. The acts of Defendant complained of herein constitute infringement of Plaintiff's copyright and exclusive rights under copyright law in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501.

23. Upon information and belief, the foregoing acts of infringement by Defendant have been willful and/or in reckless disregard of Plaintiff's rights.

24. As a direct and proximate cause of the infringement by the Defendant of Plaintiff's copyright and exclusive rights under copyright law, Plaintiff is entitled to statutory damages and Defendant's profits pursuant to 17 U.S.C. § 504(c) for the infringement.

### SECOND CLAIM FOR RELIEF
### INTEGRITY OF COPYRIGHT MANAGEMENT INFORMATION
### (17 U.S.C. § 1202)

25. Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-24 above.

26. Upon information and belief, in its Infringing Article, Defendant knowingly removed copyright management information identifying Plaintiff as the owner of the Photograph.

27. Defendant's removal and/or alteration of the aforementioned copyright management information was made without the knowledge or consent of Plaintiff.

28. The alteration and/or removal of said copyright management information was made by Defendant with reasonable grounds to know that its conduct would induce, enable, facilitate, or conceal its infringement of Plaintiff's copyright in the Photograph.

29. Defendant's conduct violated 17 U.S.C. § 1202(b)(3).

30. As a result of the wrongful conduct of Defendant as alleged herein, Plaintiff is entitled to recover from Defendant the damages that she sustained and will sustain, and any gains, profits and advantages obtained as a result of Defendant's violation of 17 U.S.C. § 1202(b), including attorney's fees and costs.

31. Alternatively, Plaintiff may elect to recover from Defendant statutory damages pursuant to 17 U.S.C. § 1203(c)(3) per violation of 17 U.S.C. § 1202(b)(3).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests judgment as follows:

1. That Defendant be adjudged to have infringed upon Plaintiff's copyrights in the Photograph in violation of 17 U.S.C §§ 106 and 501;

2. That Defendant be adjudged to have removed and/or altered copyright management information in violation of 17 U.S.C. § 1202(b)(3);

3. That, with regard to the First Claim for Relief, Plaintiff be awarded statutory damages per each work and/or Defendant's profits, gains or advantages of any

kind attributable to Defendant's infringement of Plaintiff's Photograph pursuant to 17 U.S.C. § 504(c);

4. That, with regard to the Second Claim for Relief, Plaintiff be awarded statutory damages per each instance of removal and/or alteration of copyright management information committed by Defendant pursuant to 17 U.S.C. § 1203(c);

5. That Defendant be required to account for all profits, income, receipts, or other benefits derived by Defendant as a result of its unlawful conduct;

6. That Plaintiff be awarded his costs, expenses and attorneys' fees pursuant to 17 U.S.C. § 505 and/or 17 U.S.C. § 1203(b)(5);

7. That Plaintiff be awarded pre-judgment interest; and

8. Such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable in accordance with Federal Rule of Civil Procedure 38(b).

Dated: New Rochelle, New York
August 23, 2021

LIEBOWITZ LAW FIRM, PLLC

By: /s/jameshfreeman/
James H. Freeman
1333A North Ave., Ste. 762
New Rochelle, New York 10804
Tel: (516) 233-1660
JF@LiebowitzLawFirm.com

*Attorney for Plaintiff*